United States District Court
Southern District of Texas
**ENTERED**
March 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN SANCHEZ FREGOSO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-530 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

There are several filings currently pending before the Court, which include: (1) a motion to compel appraisal filed by Juan Sanchez Fregoso ("Mr. Fregoso") and Bertha P. Fregoso ("Mrs. Fregoso") (collectively "Plaintiffs")[1]; (2) a supplemental motion to compel appraisal,[2] also filed by Plaintiffs; and (3) the motion for summary judgment filed by State Farm Lloyds ("State Farm") and Pablo Hanze ("Hanze") (collectively "Defendants").[3] Defendants timely responded to Plaintiffs' motions to compel appraisal[4] and Plaintiffs replied.[5] Plaintiffs have also timely responded to the motion for summary judgment[6] and Defendants have replied.[7] In light of the interrelated nature of the motions and common issues involved in their disposition, the Court will consider them concurrently.

After considering the motions, responses, replies, record, and relevant authorities, the Court **GRANTS** Defendants' motion for summary judgment. Accordingly, the Court **DENIES AS MOOT** the motions to compel appraisal.

---

[1] Dkt. No. 22 ("Motion to Compel Appraisal").
[2] Dkt. No. 28 ("Supplement Motion to Compel Appraisal").
[3] Dkt. No. 33 ("Motion for Summary Judgment").
[4] Dkt. Nos. 24 & 29.
[5] Dkt. No. 26.
[6] Dkt. No. 34 ("Response").
[7] Dkt. No. 35 ("Reply").

## I.  Background

Plaintiffs' claims arise from damage sustained to their property as a result of a hailstorm event in the Rio Grande Valley on or about March 29, 2012, and/or April 20, 2012.[8] Plaintiffs' property is insured under a State Farm policy providing replacement cost benefits ("Policy").[9] Shortly after the storm, Plaintiffs reported an insurance claim to State Farm for the damages sustained to their property.[10] Thereafter, State Farm inspected the property on May 6, 2012,[11] estimating the loss to the property to be $6,910.44.[12] On that same day, State Farm issued to Plaintiffs an actual cash value payment of $3,160.27, the amount remaining after deducting the recoverable depreciation ($1,796.17), and the deductible ($1,954), from the replacement cost value ($6,910.44).[13]

Mr. Juan Fregoso undertook repairs to his property and submitted copies of receipts for the materials used in the repairs to State Farm.[14] A State Farm representative spoke to Mr. Fregoso on May 29, 2012 about the repairs and Mr. Fregoso confirmed that the repairs were complete.[15] Mr. Fregoso also specified that "the costs of repairs were a little bit higher than State Farm's estimate because he decided to upgrade his roof."[16] Mr. Fregoso further explained that "he understood he was responsible for the cost of the upgrade . . . ."[17] Subsequent to this exchange, State Farm issued a supplemental payment of $1,796.17, the recoverable depreciation,

---

[8] Motion for Summary Judgment, Exh. B ("Loy Declaration") at ¶ 2; *see* Dkt. No. 1, Attachment 2 at pp. 4-25 ("Petition").
[9] Motion for Summary Judgment, Exh. A ("Policy").
[10] Loy Declaration at ¶ 2.
[11] *Id.* at ¶ 3.
[12] *Id.*
[13] *Id.*; *see* Loy Declaration, Exh. B-2.
[14] Loy Declaration at ¶ 4; Loy Declaration, Exh. B-3.
[15] Loy Declaration at ¶ 4; Loy Declaration, Exh. B-1.
[16] Loy Declaration at ¶ 5.
[17] *Id.*

for Plaintiffs' storm claim.[18] After payment was issued, State Farm had "no further contact or communications" with Plaintiffs until Mrs. Fregoso requested claim-related paperwork on February 22, 2013.[19] Since that time, there were no further communications between the parties until Plaintiffs filed the instant lawsuit in state court alleging various insurance related causes of action against Defendants on May 22, 2014.[20]

Subsequently, on June 20, 2014, Defendants removed the case to this Court.[21]  After the Court granted Plaintiffs' motion to withdraw their motion to remand and dismissed then-defendant Richard Freymann,[22] the Court abated the case on November 17, 2014 for sixty days to allow Plaintiffs to provide State Farm proper notice pursuant to Texas Insurance Code § 541.154.[23] The Court lifted abatement on June 8, 2015.[24] The parties thereafter filed the motions to compel appraisal now before the Court. At the initial pretrial and scheduling conference on November 17, 2015, the Court and parties discussed Plaintiffs' obligations to give notice under the terms of the Policy.[25] The Court then set a deadline of December 28, 2015 for Defendants to file a motion for summary judgment.[26]

## II.   Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[27]  A fact is "material" if its resolution could affect the outcome of the action,[28] while a

---

[18] *Id.*; Loy Declaration, Exh. B-4.
[19] Loy Declaration at ¶ 8.
[20] Id.; *see* Dkt. No. 1.
[21] Dkt. No. 1.
[22] Dkt. No. 10.
[23] Dkt. No. 11.
[24] Dkt. No. 16.
[25] *See* Minute Entry on November 17, 2015.
[26] *Id.*
[27] FED. R. CIV. P. 56(a).

"genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[29]   As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[30]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[31]   In this showing, "bald assertions of ultimate fact" are insufficient.[32]   Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[33]   On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[34]   If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[35]   This demonstration must specifically indicate facts and their significance,[36] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[37]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[38]   Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is un-contradicted and unimpeachable, but

---

[28] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc*., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).

[29] *Fordoche, Inc. v. Texaco, Inc*., 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).

[30] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[31] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[32] *Gossett v. Du-Ra-Kel Corp*., 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).

[33] *See Celotex Corp*., 477 U.S. at 323.

[34] *See id*. at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).

[35] *See id*.

[36] *See Ragas v. Tenn. Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir. 1998).

[37] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash*., 276 F.3d 754, 759 (5th Cir. 2002)).

[38] *See Moore v. Willis Indep. Sch. Dist*., 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).

disregards evidence the jury is not required to believe.[39]  Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[40]  Parties may cite to any part of the record, or bring evidence in the motion and response.[41]  By either method, parties need not proffer evidence in a form admissible at trial,[42] but must proffer evidence substantively admissible at trial.[43]  However, allegations set out in pleadings are not evidence.[44]

Finally, because federal jurisdiction is invoked on the basis of diversity of citizenship,[45] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[46] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[47]

### a. Summary Judgment Evidence and Objections

Defendants have proffered a copy of the Policy at issue,[48] and both parties submit portions of the claim file State Farm maintained on Plaintiffs.[49]  Defendants also attach a declaration from State Farm claims representative, Jacob Loy ("Loy"), along with its supporting attachments.[50]  In support of their position, Plaintiffs submit an affidavit from Mr. Fregoso,[51] as

---

[39] *See id.*
[40] *See* FED.R.CIV. P. 56(e).
[41] *See* FED. R. CIV. P. 56(c).
[42] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[43] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[44] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996) ("[P]leadings are not summary judgment evidence.")
[45] Dkt. No. 1 at ¶ 9.
[46] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[47] *Id.* (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[48] Motion for Summary Judgment, Exh. A ("Policy").
[49] Loy Declaration, Exh. B-1.; Response, Exh. B.
[50] Loy Declaration.

well as an affidavit, report, and curriculum vitae (CV) from Mr. James Riley ("Riley").[52] State Farm objects to Plaintiffs' evidence.[53] The Court finds it unnecessary to rule on these objections because even if considered in their entirety, neither affidavit raises a genuine issue of material fact.

### III.    Motion for Summary Judgment

Defendants move for summary judgment, arguing that Plaintiffs' breach of contract claim fails as a matter of law because State Farm paid Plaintiffs according to their Policy and because Plaintiffs "made no claim under the Policy that State Farm did not pay."[54] Defendants maintain that Plaintiffs failed to make a claim for other damages,[55] outside of filing this lawsuit, and that "such a late notice does not comply with the Policy's payment provisions and is insufficient to support a breach of contract as a matter of law."[56]

Defendants also move for summary judgment on Plaintiffs' extra-contractual claims, arguing "that "[a]bsent a breach of contract claim, Plaintiffs' extra-contractual claims and causes of action . . . fail."[57]   Plaintiffs' petition alleged Defendants committed fraud, conspired to commit fraud, breached the common law duty of good faith and fair dealing and violated Texas Insurance Code Chapters 541 and 542.[58] Defendants' arguments in favor of summary judgment proceed sequentially to address the claim for breach of contract before the extra-contractual claims, a rubric which the Court finds helpful.

---

[51] Response, Exh. A ("Juan Fregoso Affidavit").
[52] *Id.*, Exh. C.
[53] *See* Reply.
[54] Motion for Summary Judgment at ¶ 1.
[55] *Id.* at ¶ 9.
[56] *Id.* at ¶ 10.
[57] *Id*. ¶ 1.
[58] *See* Petition.

### a.  Breach of Contract

At issue in the pending motion for summary judgment is whether the evidence raises any issue of material fact that State Farm breached the Policy with Plaintiffs. Plaintiffs claim State Farm breached the contract by failing to pay adequate compensation as obligated by the Policy. State Farm on the other hand maintains Plaintiffs' claim was paid on a replacement cost basis pursuant to the Policy's loss settlement endorsement provision, which states:

**SECTION I –LOSS SETTLEMENT**

**COVERAGE A – DWELLING** (Applicable to Homeowners Policy)

**A1 – Replacement Cost Loss Settlement – Similar Construction** is replaced with the following:

a. [State Farm] will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **Section I – Coverages, Coverage A – Dwelling** . . . subject to the following:

> (1) until repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property . . .

> (2) when the repair or replacement is actually completed, we will pay the covered additional amount you *actually and necessarily spend to repair or replace the damaged part of the property*, …

> (3) *to receive any additional payments on a replacement cost basis*, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and *notify us* within 30 days after the work has been completed; . . . [59]

State Farm argues that it paid Plaintiffs the amount they "actually and necessarily spen[t] to repair or replace the damaged property"[60] and thus, it "fully complied with the Policy."[61] Further, Defendants note that Plaintiffs never indicated to State Farm that they "disagreed with the amount of loss determined by State Farm" and never reported that there "remained

---

[59] Policy at p. 13 (emphases added).
[60] Motion for Summary Judgment at ¶ 11.
[61] *Id.*

unrepaired damage . . . ."[62] Plaintiffs argue generally that State Farm breached the contract by underpaying the claims.

In Texas, insurance policies are controlled by Texas rules of contract construction.[63]  The elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[64]  In Texas, the party claiming breach of contract has the burden of proof.[65]

The first element of a breach of contract claim is satisfied as the parties do not dispute that they entered into a valid contract. The central issue is whether Plaintiffs performed or tendered performance. The Policy states "[State Farm] will pay the cost to repair or replace . . . the damaged part of the property covered . . . ."[66] subject to conditions explained earlier. The undisputed evidence is that State Farm paid the cost to repair or replace very soon after the Plaintiffs' claim was made. While Plaintiffs insist that the payment was insufficient, the Policy here does provide that to receive any additional payments, Plaintiffs must complete the repair or replacement *and* notify State Farm of the alleged deficiency within thirty days after the work had been completed. The Policy also states that payment will be for the amount *necessarily* spent to repair the damaged parts of the property.

---

[62] *Id.* at ¶ 5; Loy Declaration at ¶ 9.

[63] *Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000) (citing *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987)).

[64] *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC,* 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, rehearing overruled)).

[65] *W.G. Pettigrew Distrib. Co. v. Borden, Inc.*, 976 F. Supp. 1043, 1057 (S.D. Tex. 1996), *aff'd sub nom. W.G. Pettigrew Co. v. Borden, Inc.*, 127 F.3d 34 (5th Cir. 1997) (granting summary judgment to defendant because plaintiffs, who had the burden of proof, failed to establish essential elements of breach of contract).

[66] Policy at p. 13.

The claim file attached to State Farm's motion for summary judgment indicates that on May 29, 2012, Mr. Fregoso confirmed that all repairs were completed.[67] Thus, State Farm closed the claim on May 29, 2012. Loy's declaration establishes that State Farm received no further notice from Plaintiffs until February 22, 2013, when Mrs. Fregoso requested paperwork about their claim.[68] The file remained closed,[69] and State Farm received no further notice until this suit was filed in May 2014.[70] Neither Mr. Fregoso's affidavit, nor the Riley affidavit and estimate establish that notice was provided to State Farm before May 2014. In fact, the record as a whole supports State Farm's contention that after payment was made in May 2012, Plaintiffs made no further report of repairs, or claims of remaining damages, to State Farm until Plaintiffs filed the instant lawsuit. Thus, it is clear that Plaintiffs' failure to perform as required by the Policy defeats their breach of contract claim.

The fact that Plaintiffs are dissatisfied with the damages paid is not the result of State Farm's failure to fulfill a Policy obligation; instead, it results from Plaintiffs' knowing failure to even submit damages to State Farm prior to filing this lawsuit. By way of Mr. Fregoso's affidavit, the Court observes that Plaintiffs now claim they were not satisfied with the inspection or the amount paid to complete repairs on their property.[71] However, Plaintiffs have provided no summary judgment evidence that they filed a supplemental claim or took any steps to request additional payment. Plaintiffs could have supplemented their claim when Ms. Fregoso called to request claim-related paperwork in February 2013, yet they failed to do so. In the absence of any evidence that Plaintiffs performed as required under the Policy, Plaintiffs cannot prevail on the

---

[67] *See* Loy Declaration, Exh. B-1; Loy Declaration at ¶¶ 5-7.
[68] Loy Declaration at ¶ 8; Loy Declaration, Exh. B-1 at p. 1 ("Mrs. PH stated paperwork she received was not printed properly, cut off. . . Explained settlement. File remains closed.").
[69] *Id.*
[70] Loy Declaration at ¶ 8.
[71] Juan Fregoso Affidavit at p. 2. If Plaintiffs provided additional notice subsequent to their May 2012 repairs, Mr. Fregoso could have so attested in his affidavit.

breach of contract claim. In turn, because Plaintiffs have failed to raise a genuine issue of fact, Defendants' motion for summary judgment as to Plaintiffs' breach of contract claim against State Farm is **GRANTED**.

### b. *Extra-Contractual Claims*

Plaintiffs' original petition alleges extra-contractual claims against State Farm for (1) committing violations of Chapters 541 and 542 of the Texas Insurance Code; (2) engaging in fraud and conspiracy to commit fraud; and (3) breaching the common law duty of good faith and dealing.[72] Additionally, Plaintiffs allege extra-contractual claims against Mr. Hanze for committing violations of Chapter 541 of the Texas Insurance Code and engaging in fraud and conspiracy to commit fraud.[73] The Court commences its analysis of these claims by recognizing the principle that "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract."[74] The exceptions to this rule are the insurer's (1) failure to timely investigate the insured's claim or (2) commission of "some act, so extreme, that would cause injury independent of the policy claim."[75]

Defendants argue Plaintiffs cannot maintain any extra-contractual causes of action because "they are derivative from their defunct breach of contract claim."[76] Thus, Defendants contend that Plaintiffs cannot succeed on their extra-contractual claims because "[a]bsent a breach of contract claim, Plaintiffs' extra-contractual claims and causes of action" fail as well.[77]

---

[72] *See* Petition.
[73] *Id.*
[74] *Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994)).
[75] *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).
[76] Motion for Summary Judgment at ¶ 12.
[77] Motion for Summary Judgment at ¶ 1.

### i. Bad Faith Claims

In Texas, the common-law bad faith standard for breach of the duty of good faith and fair dealing is imputed to statutory liability under the Texas Insurance Code; both extra-contractual claims share the same predicate for recovery, such that evidentiary insufficiency is equally dispositive.[78]  Relevant to the disposition of this case, the Texas Supreme Court has held that an insured's bad faith claims must fail as a result of the Court's resolution of the breach of contract claim in the insurer's favor, unless the insured can demonstrate actions or omissions that caused an injury independent of those that would have resulted from the wrongful denial of the policy benefits.[79]

Plaintiffs' bad-faith causes of action relate solely to property damage that Plaintiffs failed to notify State Farm of before filing suit. To the extent Plaintiffs even sufficiently alleged extra-contractual claims in their original petition, the bad-faith causes of action relate solely to State Farm's investigation and handling of the claims they initially submitted in April 2012, and claims they failed to submit after. Thus, far from providing evidence creating a genuine issue of material fact on these claims, Plaintiffs have failed to even allege an action that would constitute an independent injury.  Accordingly, the Court **GRANTS** summary judgment in Defendants' favor on Plaintiffs' common-law and statutory claims of bad faith.

---

[78] *See Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, writ denied); *Texas Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*, 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, review denied) (citing *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922–23 (Tex. 2005) (per curiam)).
[79] *Great Am. Ins. Co. v. AFS/IBEX Fin. Services, Inc.*, 612 F.3d 800, 808 n.1 (5th Cir. 2010) (citing *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002)). *But see In re Deepwater Horizon*, 14-31321, 2015 WL 7421978, at *10 (5th Cir. Nov. 19, 2015), *certified question accepted* (Dec. 4, 2015) (certifying that question to the Texas Supreme Court).

### ii.   Prompt Payment of Claims

Similarly, Plaintiffs bring a claim under Chapter 542 of the Texas Insurance Code against State Farm for its alleged failure to timely pay Plaintiffs' claims. As noted earlier, the record reflects that State Farm promptly responded to, and paid Plaintiffs' claim. State Farm received no notice of Plaintiffs' displeasure with Defendants' management of the claim until the lawsuit was filed. Again, Plaintiffs failed to notify State Farm of their additional claims. Thus, because Plaintiffs have failed to even allege an action that would constitute an independent violation, the Court **GRANTS** summary judgment in State Farm's favor on this claim as well.

### iii.   Fraud & Conspiracy

Lastly, Defendants pray that the Court dismiss all the remaining claims as a matter of law as they lack merit,[80] and are derivative of Plaintiffs' defunct breach of contract claim.[81]  To the extent these allegations even properly state a claim, Defendants have sufficiently showed the absence of a genuine issue of material fact by proffering evidence of proper completion of the claims process and tendering of payment.  In contrast, Plaintiffs have failed to offer evidence to the contrary, overlooking the fact they failed to give notice of additional claims to State Farm pursuant to the Policy. As a result, the Court **GRANTS** summary judgment in favor of Defendants as to Plaintiffs' fraud and conspiracy to commit fraud claims.

## IV.   Holding

Plaintiffs have failed to raise a genuine issue of material fact on their breach of contract claim.  Furthermore, Plaintiffs' extra-contractual claims for breach of the duty of good faith and fair dealing, as well as statutory violations of the Texas Insurance Code, do not survive absent

---

[80] Motion for Summary Judgment at p. 9.
[81] *Id.* at ¶ 12.

the breach of contract claim.  Finally, Plaintiffs' fraud and conspiracy to commit fraud claims are fatally unsupported.

The Court notes that this case, like many storm related insurance breach of contract cases filed by the Mostyn Law firm, is factually unsupported. The Court reminds counsel of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure that by presenting a pleading they certify that the factual contentions have evidentiary support. The Mostyn Law Firm appears to be wholly disregarding this obligation. The Court cautions the Mostyn Law Firm that Rule 11 authorizes the Court, on its own initiative, to impose Rule 11 sanctions.

For the reasons states herein, the Court finds summary judgment as to all claims is warranted.  For the foregoing reasons, the Court **GRANTS** the motion for summary judgment. Accordingly, Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.  The Court **DENIES** the remaining motions as moot. A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 24th day of March, 2016.

Micaela Alvarez
United States District Judge